**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTINA WEST,<br><br>                Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 2:14-cv-00452-GMN-NJK<br><br>**ORDER**<br><br>(I.F.P. Application - Docket No. 1) |

Plaintiff Christina West has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis and submitted a Complaint. *See* Application to Proceed *In Forma Pauperis* (Docket No. 1); Complaint (Docket No. 1-1). This proceeding was referred to this Court by Local Rule IB 1-9.

**I.** *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's Complaint.

**II.** **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*).

Plaintiff's Complaint challenges a decision by the Social Security Administration ("SSA") denying Plaintiff disability insurance benefits.  Before Plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies.  42 U.S.C. § 405(g); s*ee Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (*per curium*) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim").  The Appeals Council denied Plaintiff's request for review on January 30, 2014, and the ALJ's decision became the final decision of the Commissioner.  Thus, it appears Plaintiff has exhausted her administrative remedies.

Once Plaintiff has exhausted her administrative remedies, she can obtain review of an SSA decision denying benefits by commencing a civil action within sixty days after notice of a final decision.  *Id.*  The Complaint should state the nature of Plaintiff's disability, when Plaintiff claims she became disabled, and when and how she exhausted her administrative remedies.  Judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied.  *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

Here, Plaintiff's Complaint seeks judicial review of the Commissioner's decision and requests the Court reverse that decision, or alternatively, remand this matter for a new hearing.  Docket No. 1-1,

at 2. Plaintiff contends there is not substantial medical or vocational evidence in the record to support: (a) the legal conclusion she is not disabled withing the meaning of the Social Security Act; or (b) the Commissioner's finding that Plaintiff could perform substantial gainful activity. *Id.* at 2-3. She asserts that the record supports a finding that Plaintiff is disabled and has been continuously disabled at all relevant times. *Id.* at 3. Finally, Plaintiff alleges new evidence exists that warrants a remand of this matter for further proceedings. *Id.* Accordingly, Plaintiff has stated a claim for initial screening purposes under 28 U.S.C. § 1915.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of Court shall file the Complaint.
4. The Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: (1) Office of General Counsel for Region IX, Social Security Administration,160 Spear St., Suite 899, San Francisco, CA 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.
5. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.
6. From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct

|   |   |
|---|---|
| 1 | copy of the document was personally served or sent by mail to the defendants or counsel |
| 2 | for the defendants.  The Court may disregard any paper received by a district judge or |
| 3 | magistrate judge which has not been filed with the Clerk, and any paper received by a |
| 4 | district judge, magistrate judge or the Clerk which fails to include a certificate of service. |
| 5 | Dated this 18th day of April, 2014. |

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE